## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **BOARD OF TRUSTEES OF** | : |
| **UNITE HERE LOCAL 25 AND** | : |
| **HOTEL ASSOCIATION OF WASHINGTON, D.C.** | : |
| **HEALTH AND WELFARE FUND,** | : |
| | : |
| **911 Ridgebrook Road** | : Civil Action No. |
| **Sparks, Maryland 21152-9451,** | : |
| | : |
| -and- | : |
| | : |
| **BOARD OF TRUSTEES OF** | : |
| **UNITE HERE LOCAL 25 AND** | : |
| **HOTEL ASSOCIATION OF WASHINGTON, D.C.** | : |
| **GROUP LEGAL SERVICES FUND,** | : |
| | : |
| **911 Ridgebrook Road** | : **COMPLAINT** |
| **Sparks, Maryland 21152-9451** | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| - against- | : |
| | : |
| **MANDARIN ORIENTAL, WASHINGTON, D.C.** | : |
| **HOTEL** | : |
| **1330 Maryland Avenue, S.W.** | : |
| **Washington, DC 20024** | : |
| | : |
| **SERVE:    CT Corporation System** | : |
| **1015 15th Street, N.W.** | : |
| **Suite 1000** | : |
| **Washington, DC 20005** | : |
| | : |
| **Defendant.** | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# COMPLAINT

## JURISDICTION AND VENUE

1.      This action is brought under Sections 502(a)(3) and 515 of the Employee

Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and

Section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185(a), for collection of

delinquent contributions owed to two employee benefit plans pursuant to a collective bargaining

agreement between an employer and a labor organization representing employees in an industry

affecting commerce and pursuant to employee benefit plan Trust Agreements which are binding

on Defendant and Plaintiffs.  This Court has jurisdiction of this action under Section 502(e)(1)

and (f) of ERISA, 29 U.S.C. § 1132(e)(1) and (f), 28 U.S.C. § 1331, and under Section 301 of

the NLRA, 29 U.S.C. § 185(a).

2.      Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2), 28

U.S.C. § 1391 and 29 U.S.C. § 185(a).

## PARTIES

3.      The Board of Trustees of the UNITE HERE Local 25 and Hotel Association of

Washington, D.C., Health and Welfare Fund (the "Health and Welfare Fund") is a plaintiff and a

fiduciary of the Health and Welfare Fund within the meaning of ERISA Sections 3(21) and

502(a)(3), (e)(1) and (g)(2), 29 U.S.C. §§ 1002(21) and 1132(a)(3), (e)(1) and (g)(2).  The Health

and Welfare Fund was formerly known as the Dental and Optical Care Fund.

4.      The Board of Trustees of the UNITE HERE Local 25 and Hotel Association of

Washington, D.C. Group Legal Services Fund (the "Group Legal Services Fund") is a plaintiff

and a fiduciary of the Group Legal Services Fund within the meaning of ERISA Sections 3(21)

and 502(a)(3), (e)(1) and (g)(2), 29 U.S.C. §§ 1002(21) and 1132(a)(3), (e)(1) and (g)(2).

5.      The Health and Welfare Fund and the Group Legal Services Fund (the "Funds"),
are "employee benefit plans" as defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The
Funds were established according to the provisions of the Dental and Optical Care Plan Trust
Agreement (the predecessor to the Health and Welfare Fund) and the Group Legal Services Plan
Trust Agreement (the "Trust Agreements"), and the relevant collective bargaining agreements
between UNITE HERE Local 25, Mid-Atlantic Joint Board of Washington, D.C. of the UNITE
HERE International Union ("Local 25") and Defendant.

6.      Local 25 is a labor organization within the meaning of NLRA Section 2(5), 29
U.S.C. § 152(5).  At all material times herein it was and continues to be the exclusive bargaining
representative within the meaning of NLRA Section 9(a), 29 U.S.C. § 159(a), of an appropriate
unit composed of employees of Defendant.

7.      Defendant Mandarin Oriental, Washington, DC Hotel ("Mandarin Oriental") is a
hotel operating at 1330 Maryland Avenue, S.W., Washington, DC 20024, and regularly conducts
business in the District of Columbia.  Mandarin Oriental is a trade name of Portals Hotel Site,
LLC, which is a Delaware limited liability company registered to do business in the District of
Columbia.  Mandarin Oriental is an "employer" in an "industry affecting commerce" as defined
in Section 501(1) and (3) of the Labor-Management Relations Act, 29 U.S.C. § 142(1) and (3),
and NLRA Section 2(2), 29 U.S.C. § 152(2).

## FACTS

8.      Local 25 and Mandarin Oriental are parties to a collective bargaining agreement
(the "Agreement") establishing the terms and conditions of employment of employees at
Mandarin Oriental.  The Agreement is composed of a Memorandum of Agreement signed in
2004, as supplemented in June 2006, an industry wide collective bargaining agreement between

Local 25 and the Hotel Association of Washington, D.C., and a September 2007 Memorandum of Agreement.  Relevant portions of the Agreement are attached hereto as Exhibits 1 and 2.

9.      Pursuant to Paragraph 3(b) of the Agreement, Mandarin Oriental agreed that its contributions to the Health and Welfare Fund for dental benefits would commence in August 2004 for all hours worked on or after July 1, 2004.

10.      Pursuant to Paragraph 3(d) of the Agreement, Mandarin Oriental agreed that its contributions to the Health and Welfare Fund for optical benefits would commence on August 1, 2004 for hours worked in July 2004.

11.      Pursuant to Paragraph 3(c) of the Agreement, Mandarin Oriental agreed that its contributions to the Group Legal Services Fund for group legal services would commence on August 1, 2004 for hours worked in July 2004.

12.      Pursuant to Section 14.5 of the Agreement, Mandarin Oriental is obligated to contribute to the Health and Welfare Fund certain sums of money for dental benefits per hour, per employee, for each hour worked by employees covered by the Agreement.

13.      Pursuant to Section 14.5 of the Agreement, Mandarin Oriental is obligated to contribute to the Health and Welfare Fund certain sums of money for optical benefits per hour, per employee, for each hour worked by employees covered by the Agreement.

14.      Pursuant to Section 14.6 of the Agreement, Mandarin Oriental is obligated to contribute to the Group Legal Services Fund certain sums of money for group legal services benefits per hour, per employee, for each hour worked by employees covered by the Agreement.

15.      The Trust Agreements require that participating employers make monthly contributions together with monthly reports to the Funds and cooperate in any payroll and wage

record audit requested by the Funds' Trustees.  Relevant portions of the Trust Agreements are attached hereto as Exhibits 3 and 4.

16.    Despite Mandarin Oriental's obligations under the collective bargaining agreement, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the NLRA, 29 U.S.C. § 185(a), an audit revealed that Defendant had failed to make required contributions in the aggregate amount of $16,866.89 to the Health and Welfare Fund for work performed during the period from January 1, 2005 through March 31, 2007, by employees covered by the collective bargaining agreement.  A redacted copy of the audit report is attached hereto as Exhibit 5.

17.    Despite its obligations under the collective bargaining agreement, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the NLRA, 29 U.S.C. § 185(a), an audit revealed that Defendant had failed to make required contributions in the aggregate amount of $3,349.46 to the Group Legal Services Fund for work performed during the period from January 1, 2005 through March 31, 2007, by employees covered by the collective bargaining agreement.

**FIRST CLAIM FOR RELIEF -**

**<u>BREACH OF SECTION 515 OF ERISA</u>**

18.    Plaintiffs reallege and incorporate herein the allegations of paragraphs 1-17.

19.    Section 515 of ERISA provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

20.    Section 502(g)(2) of ERISA provides:

   (2)  In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan if awarded, the court shall award the plan --

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of -
      (i) interest on the unpaid contributions, or
      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

21.    Mandarin Oriental is delinquent in the payment of contributions owed to the Funds. These delinquencies violate section 515 of ERISA and are judicially remediable under Section 502 of ERISA.  29 U.S.C. §§ 1132, 1145.

**SECOND CLAIM FOR RELIEF -**
**BREACH OF COLLECTIVE BARGAINING AGREEMENT**

22.    Plaintiffs reallege and incorporate herein the allegations of paragraphs 1-21.

23.    Section 301 of the NLRA provides that suits may be brought in federal district courts to remedy breaches of contracts between employers and labor organizations in industries affecting commerce.  29 U.S.C. § 185.

24.    Mandarin Oriental has breached the Agreement by failing to make required contributions to the Funds in the amounts due.

25.     Mandarin Oriental's breaches of contract are remediable under Section 301 of the

NLRA.  29 U.S.C. § 185.

### THIRD CLAIM FOR RELIEF -
### BREACH OF THE TRUST AGREEMENTS AND PLAN PROVISIONS

26.     Plaintiffs reallege and incorporate herein the allegations of paragraphs 1-25.

27.     Section 502(a)(3) of ERISA plan permits fiduciaries such as plaintiffs to bring

civil actions "to enforce any provisions of this subchapter or the terms of the plan."  29 U.S.C.

§ 1132(a)(3).

28.     Mandarin Oriental is bound by the terms of the Trust Agreements for the Funds,

including those provisions relating to payment of contributions.

29.     Mandarin Oriental is delinquent in the payment of contributions owed to the

Funds in violation of the Trust Agreements.

30.     The Trust Agreements provide that whenever a participating employer is

delinquent in the payment of contributions, it may be required to pay the following amounts in

addition to the contributions owed:

        a.     Liquidated damages in an amount to be determined by the Board
            of Trustees;

        b.     Interest, at the maximum rate permitted by law, on the unpaid
            contributions;

        c.     Auditing fees; and

        d.     All expenses of collection including, but not limited to, reasonable
            counsel fees and court costs.

31.     The Boards of Trustees of the Funds have each determined that an appropriate

rate of liquidated damages is 20% of the unpaid contributions.

6

32.    The Boards of Trustees of the Funds have each determined that an appropriate annual rate of interest, to be applied from the date of first delinquency, is prime plus four percent adjusted and compounded quarterly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court award judgment in favor of Plaintiffs and order the following relief:

a.    That Mandarin Oriental be ordered to pay to the Funds all contributions found to be due and owing as a result of the audit.

b.    That Mandarin Oriental be ordered to pay to the Funds, in addition to the contributions owed:

(1)    Interest on the unpaid contributions from the date of first delinquency until payment at the annual rate of prime plus four percent adjusted and compounded quarterly;

(2)    An amount equal to the greater of (a) interest on the unpaid contributions from the date of first delinquency until payment at the annual rate of prime plus four percent adjusted and compounded quarterly; or (b) liquidated damages in the amount of 20% of the unpaid contributions;

(3)    Attorney's fees and court costs incurred by Plaintiffs; and

(4)    The auditor's charges to Plaintiffs for conducting the audit and providing litigation support.

c.    That this Court grant such other legal and equitable relief as may be appropriate.

Respectfully submitted,

_Daniel M. Katz_ by JMW

Daniel M. Katz, DC Bar #065409
KATZ & RANZMAN, P.C.
4530 Wisconsin Avenue, N.W.
Suite 250
Washington, D.C.  20016
(202) 659-4656

Dated: April 2, 2008                    Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify on this 2nd day of April, 2008, a copy of the foregoing COMPLAINT

was served by certified mail, as required by § 502(h) of the Employee Retirement Income

Security Act of 1974, 29 U.S.C. § 1132(h), upon the following:

        Internal Revenue Service
        P.O. Box 13162
        Baltimore, MD  21203

        Secretary of Labor
        U.S. Department of Labor
        200 Constitution Avenue, N.W.
        Washington, DC  20001
        Attn:   Assistant Solicitor for
                   Plan Benefits Security

*Daniel M. Katz by JMW*
Daniel M. Katz

9

# Exhibit 1

**MANDARIN ORIENTAL HOTEL AT THE WATERFRONT
(WASHINGTON, D.C.)
MEMORANDUM OF AGREEMENT**

MEMORANDUM OF AGREEMENT entered into between MANDARIN ORIENTAL MANAGEMENT, U.S.A. pertaining to the Mandarin Oriental Hotel at the Waterfront, Washington, D.C. ("Hotel") and the Hotel & Restaurant Employees, Local 25, AFL-CIO ("Union").

WHEREAS, a neutral, Reverend Graylan Hagler, conducted a card-count and determined that an uncoerced majority of the Hotel's employees in an appropriate bargaining unit had designated the Union as their sole and exclusive bargaining agent, and the Impartial Chairman so certified the Union;

WHEREAS, there is a September 16, 2001 Industry Wide Collective Bargaining Agreement between the Union and the Hotel Association of Washington, D.C. ("Hotel Association") consisting of that Agreement and the side letters and addenda thereto (hereinafter collectively referred to as the "D.C. Hotel Association Agreement or DCHAA"); and

WHEREAS, the Union and Hotel are desirous of implementing the agreement in an atmosphere of maintaining stable and harmonious labor relations;

NOW, THEREFORE, the parties agree as follows:

1.    The Hotel has recognized the Union as its employees' sole and exclusive "collective bargaining representative" in the Hotel listed above for all employees employed by the Employer signatory to this Agreement in the Waterfront location, encompassing both the Hotel areas of operation and a list of agreed-upon job classification inclusions and exclusions is attached as Exhibit A.

2.    (a)    Except as modified by this Memorandum of Agreement, the Hotel agrees to adopt, assume, and be bound by all the terms and conditions of employment, both economic and non-economic in nature, of the current D.C. Hotel Association Agreement (HAWDC Agreement) and any successor or successors to said HAWDC Agreement negotiated by and between the Hotel Association and Union, up to and including the successor HAWDC Agreement which is effective during October, 2006. In addition, the parties agree to adopt and assume any and all terms contained in the first Washington, D.C. Hotel Association Agreement which expires on or after July 7, 2007 unless modified herein. This Memorandum of Agreement will be coterminous with the successor Washington, D.C. Hotel Association Collective Bargaining Agreement which expires on or after July 7, 2007. The Washington, D.C. Hotel Association Agreement, as modified by, the provisions of this Memorandum of Agreement relative to the Hotel, shall be referred to as the Collective Bargaining Agreement ("CBA") for the Mandarin Oriental Hotel in Washington, D.C.

(b)    The parties agree that there may be issues that are specific in nature to the Mandarin Oriental Washington, D.C. Hotel and only apply to the Employer's operation at this property and each party shall reserve the right to discuss such issues.

(c)    The Employer and the Union agree that should the Hotel Association of Washington, D.C. multi-employer bargaining group and the Union not reach agreement for a new collective bargaining agreement by September 16, 2004, the Union agrees not to strike the Hotel and the Hotel agrees not to lockout the Union's members. This no-strike-

**Exhibit 1**

no-lockout pledge shall also apply to any successor collective bargaining agreement which encompasses the July 1, 2007 date set forth herein:

3. The parties further agree:

a. The probationary period for employees hired on or before May 15, 2004, shall be ninety (90) calendar days, thereafter, the Washington, D.C. Hotel Association Agreement probationary period shall apply. Mandarin Human Resources and Management shall be responsible for staffing all positions at the Hotel but may call upon the Union for referrals as deemed necessary by the Hotel.

b. Contributions to the Washington, D.C. Hotel Association Dental Plan shall apply for all hours worked on or after July 1, 2004 with the first payment being due in August of 2004.

c. Contributions to the Washington, D.C. Hotel Association Prepaid Legal Fund shall commence on August 1, 2004 for hours worked in July 2004.

d. Contributions to the Washington, D.C. Hotel Association Prepaid Optical Fund shall commence or after August 1, 2004 for hours worked in July of 2004.

e. Contributions to the Washington, D.C. Hotel Association Pension Fund shall commence on April 1, 2007.

f. Contributions to the Industry-wide Kaiser health care coverage as provided for in the Washington, D.C. Hotel Association Agreement shall begin on June 2004 for employees of the Hotel who have completed ninety (90) days of employment with the Hotel. All employees hired on July 1, 2004 and thereafter shall receive health insurance per provisions of the D.C. Hotel Association Agreement.

4. Upon the agreed upon effective dates set forth above, the Hotel shall become party to each of the Trust Agreements by and between the Union and the Hotel Association creating and maintaining the Pension, Dental and Optical Benefits, Training and Pre-Paid Legal Funds.

5. The Hotel may institute job duties, work assignments and task responsibilities, which promote and provide five-star guest service levels consistent with the Mandarin Oriental Guest Service experience. Therefore, work outside of an employee's usual daily assignment, and the temporary and brief delivery of assistance to fellow Hotel personnel may be necessary and appropriate to deliver such level of service.

6. Work assignments or practices of other Washington, D.C. Hotels, or industry practices in general or in the specific, shall not determine the guest service practices for work assignments at the Mandarin Oriental Hotel. Also, in the first year of operation, no Hotel practice or procedure shall be considered a binding past practice for the purpose of the parties' Collective Bargaining Agreement or its administration. In addition, the overlap or sharing of tasks and certain jobs duties of a similar nature between different employees and/or job

classifications is recognized by the parties as necessary component or element of delivering five-star guest service on a consistent basis. Examples of agreed-upon Hotel work assignment duties and practices shall be mutually agreed upon by the parties and attached as part of Exhibit B. Present Hotel practices as to service charges, gratuity, distributions and tip pooling now in effect shall remain in effect and shall be subject to modification by mutual agreement of the parties. The parties have also agreed to meet to negotiate such practices in meetings to be scheduled after July 1, 2004. Absent mutual agreement, the Union may challenge before the designated Arbitrator the Employer's practices or procedures on the basis that such practices or procedures are unreasonable, arbitrary and capricious or not consistent with industry practice.

7.    In situations wherein the Hotel's assigned, or performed, job tasks have arguably created a new job classification, upon request of either party, the parties shall meet and negotiate the wage rate and/or title applicable to such a new classification. Absent agreement, the dispute will be resolved under the auspices of the designated Arbitrator.

8.    The Hotel shall implement reasonable procedures and rules pertaining to the Housekeeping Department. After December 1, 2004, the Union and Hotel representatives will meet to negotiate the Hotel's credit-quota assignments to the various rooms and areas being serviced by the Housekeeping Department. Any dispute as to reasonableness, absent mutual agreement, shall be submitted to the Office of the designated Arbitrator.

9.    The parties agree that all Valet Parking, Health Club and Spa, Business Center (including all audio-visual services) and Floral employees are outside the bargaining unit except for housekeeping employees and thus excluded from the coverage of this Memorandum.

10.    The parties acknowledge that certain employees received a "training" rate of pay of fifteen (15) dollars per hour, which rate was intended and understood to be temporary. It is also agreed that the Hotel will continue the current training rate for Hotel bell and door personnel until September 1, 2004.

11.    Employees hired prior to July 1, 2004, shall receive two (2) weeks of vacation after one (1) year of employment and thereafter be subject to the vacation provisions of the Washington, D.C. Hotel Association contract provisions pertaining to paid vacation and eligibility. All other employees shall receive paid vacation as per the Washington, D.C. Hotel Association Agreement.

12.    There shall be a separate and discreet seniority list for the "Specialty Restaurant". "Bumping" from the main hotel to the Specialty Restaurant, as provided for under Article12.2 of the HAWDC, shall not exist as a matter of right. However, this shall not preclude employees from the main hotel from bidding on posted positions in the Specialty Restaurant; however, transfer into, or the awarding of, only unit position in the Specialty Restaurant shall be at the sole discretion of the Employer.

13.    Restaurant Servers, but not Room Service Servers, will be assisted by "Server Assistants" (similar to "Bus Attendants" under the HAWDC) who shall perform food and beverage-related tasks as the case may be depending upon guest needs and the appropriate work distribution.

14.    Culinary Management and Supervisory Personnel shall be allowed to assist and supplement Cooks assigned to their area for training purposes, to introduce new menu items or a change in procedure, for trouble shooting, to assist in times of high, unexpected or unusual guest demand, in an emergency (i.e., an unforeseen occurrence), to ensure quality control, when adequate staffing is not readily available, and to ensure the

appropriate level of quality service to deliver the expected Mandarin guest experience provided that hourly Union employees are not laid off or have their hours reduced or otherwise have an adverse economic impact on the employees as a result of such practices.

15.    This Agreement shall be effective July 1, 2004 and shall be subject to ratification by the bargaining unit employees.

16.    Any dispute between the parties concerning the operation, interpretation or application of this Memorandum shall be resolved by the designated arbitrator Gerald McKay or any other mutually agreed upon Arbitrator in accordance with the grievance and arbitration provisions of the Washington, D.C. Hotel Association Agreement.


FOR MANDARIN ORIENTAL MANAGEMENT, U.S.A. on behalf of the Mandarin Oriental Hotel Located at the Waterfront

Name: Darrell Shaffer
Title: VP, Portals Hotel Site Inc

Dated: 18 Nov 2004.


Name:
Title: CFO MOHMUSA

Dated: 29 Nov 2004


FOR THE HOTEL & RESTAURANT EMPLOYEES, LOCAL 25, AFL-CIO

Name:
Title: EX. SEC. TREASURER

Dated: 12/1/04

**EXHIBIT A**
**JOB CLASSIFICATIONS**

**A.    Unit Inclusions**

1.    Bell Personnel

2.    Door Personnel

3.    Pages and Messengers

4.    Room Attendants

5.    House Attendants

6.    Seamstress and Uniform Attendants

7.    All Food and Beverage Servers (Restaurant and In-Room Dining)

8.    All Bartenders

9.    Pastry Cooks

10.    Cooks

11.    Utility Stewards

12.    Room Service Sales Representatives

13.    Banquet Servers/Bartenders

14.    Banquet House Personnel

15.    Maintenance Personnel

16.    Server Assistants

17.    Barbacks

18.    Private Bar Attendants

19.    Amenity Service Attendant

20.    PBX (If such employees indicate a desire to be represented by the Union after January 1, 2005.)

**B.    Unit Exclusions**

1.    Security  Personnel

2.    Accounting Personnel

3.    Night Audit Personnel

4.    Concierge

5.    Guest Service Agents (Communications and/or Reservations not including PBX)

6.    Guest Service Receptionists

7.    Office Clerical and Secretarial Personnel

8.    Restaurant Door Coordinators

9.   Administrative Assistants

10.   Human Resources and Payroll Personnel

11.   Purchasing Department Personnel

12.   All Food and Beverage Supervisory and Managerial Personnel such as:

- Executive Chef
- Banquet Chef
- Restaurant (Outlet) Chef
- Executive Sous Chefs
- Executive Steward
- Executive Pastry Chef
- Assistant Pastry Chef
- Room Service Manager
- Restaurant Manager
- Assistant Restaurant Managers
- Banquet Manager

13.   Rooms Division and Related Supervisor and Managerial Personnel such as:

- Executive Housekeeper
- Housekeeping Managers
- Guest Services Manager
- Front Office Manager
- Housekeeping Assistant Managers
- Engineering Personnel

**EXHIBIT B**
**MANDARIN ORIENTAL WASHINGTON, D.C. HOTEL**
**PROCEDURES AND PRACTICES**

The following are examples of the Hotel's practices and procedures implemented during the opening period of operation for the Hotel which vary from and/or modify industry practice so as to promote and foster five star guest service and enhancing the Mandarin Guest experience:

1.  Bartenders located in public areas shall be expected to serve and charge guests for food and beverage menu items in the bar as necessary and maintain the cleanliness of the bar area while on duty.

2.  Carving opportunities for Cooks, excluding Specialty Chefs, shall be rotated.

3.  Pastry or other non-Mandarin produced food items may be purchased to supplement the production in the kitchen but may not be utilized to eliminate a kitchen function which Mandarin previously performed.  (This shall not be intended or construed as a guarantee of a certain level of culinary department staffing.)

4.  House Attendants (*i.e.*, Housemen under the HAWDC) shall have their assignments and locations rotated on a weekly or daily basis.

5.  Page-Messengers, if employed, may be required to carry and utilize both a radio and pager during the workday.  If a page is unavailable due to absence from the property or conflicting duties, bell personnel shall be expected to perform such room delivery duties on an as-needed basis without the requirement of receiving page-messenger pay for such ancillary duties but shall be paid a mutually agreed upon rate for such tasks.

6.  Mandarin Human Resources and Management shall be responsible for staffing all positions at the Hotel and may call upon the Union for referrals as deemed necessary by the Hotel.

7.  It is understood that ancillary remuneration issues for bell and door persons are to be the topic of further negotiations between an authorized designated Agent of the Union and Hotel representatives.  The negotiations between the parties shall conclude no later than January 30, 2005, unless agreed otherwise, and issues not resolved shall be submitted to the Arbitrator designated herein.  Mutually agreed remuneration shall then be added to and made part of this Exhibit by the parties.

*FILE COPY ORIGINAL*

## SUPPLEMENTAL MEMORANDUM OF AGREEMENT
## (INCLUDING EXHIBIT B CONTINUATION AND ADDENDUMS)

The parties signatory below hereby agree to supplement the previously agreed upon provisions found in the Memorandum of Agreement by and between the Employer, the Mandarin Oriental Hotel of Washington, D.C. and the Union, UNITEHERE Local 25 as follows:

### Supplemental Memorandum Provisions

17.    (a)    The Hotel will issue retroactive payroll checks to all eligible and still active current Mandarin employees, both non-tipped and tipped, and in Bus or similar classifications, for the hourly incremental wage increase amounts set forth below in subparagraph (b) for all hours worked September 16, 2004 to September 15, 2005 when such increases and/or wage rates were implemented by the Hotel.

(b)    The wage increase amounts, which were due eligible employees in September 2004, are as follows:

| | |
|---|---|
| Non-tipped Unit Employees — | $ .50 |
| Busser and Similar Classifications — | $ .385 |
| Tipped Unit Employees — | $ .25 |

(c)    Such retroactive payroll checks shall issue on the first payday on or after December 15, 2005.

18.    On March 16, 2006, the Hotel shall implement the wage increases for eligible active employees set forth in Section 2.3 of the parties' Collective Bargaining Agreement.

19.    The parties further agree that the hourly wage increases that were due to eligible employees on September 16, 2005, namely:

| | |
|---|---|
| Non-tipped Employees — | $.20 |
| Bussers, etc. — | $.15 |
| Tipped Employees — | $.10 |

shall be paid retroactively for all hours worked to eligible, and still actively employed, employees, for the period September 16, 2005 to March 16, 2006 on the next payroll pay date on or after March 16, 2006 unless the parties agree otherwise and reduce such writing to a signed and written modification to this Supplemental Memorandum of Agreement.

20.    The terms of payment set forth in paragraphs 17 and 18 above shall settle any and all disputes, grievances or potential grievances, pertaining to the September 16, 2004 and September 16, 2005 wage increase found in Article II, Sections 2.3, subsections (a), (b) and (c) respectively of the Washington D.C. Hotel Association Collective Bargaining Agreement as adopted by the parties and modified as per the parties' Memorandum of

Agreement and this Supplemental Memorandum of Agreement (herein collectively referred to as the parties' Collective Bargaining Agreement).

21. The Mandarin Oriental minimum wage scales shall be attached as Appendix A which is applicable to all other unit employees hired on or before April 28, 2005, and Appendix A-1, effective on the date set forth therein.

22. The parties agree that the attached Attendance Policy, attached as Addendum A-2, shall be utilized at the Hotel to monitor and enforce a reasonable level of attendance by bargaining unit employees. Any disagreement as to the reasonableness of the Hotel's definition of "excessive" or an "unacceptable" level of attendance shall be resolved through the grievance procedure.

23. The parties hereby agree with the established and long-recognized principle of following Hotel management directives and utilizing the proper established contractual grievance channels if the practice, procedure or request arguably violates any provision of the parties' Collective Bargaining Agreement (i.e., the "Obey Now – Grieve Later" doctrine). However, this principle may not apply where the situation is governed by a procedure which has been expressly agreed to by the parties and such agreement has been reduced to writing and signed by the parties.

24. The parties agree to mutually agree upon a seniority list for bargaining unit employees which shall be periodically updated and forwarded to the Union upon request. Employees hired prior to December 1, 2004 shall not have their established seniority date changed as a result of the signing of this Supplemental Memorandum.

25. The parties agree that the term of this Memorandum of Agreement and any Exhibits and Supplemental Agreements shall collectively, when read in conjunction with the Hotel Association of Washington, D.C. contract which was adopted by the parties, be referred to as the parties' Collective Bargaining Agreement and shall be in full force and effect up to and until September 15, 2010. The parties further agree that the Mandarin Oriental Hotel of Washington, D.C. shall adopt the terms and conditions of the Collective Bargaining Agreement by and between the Hotel Association of Washington, D.C. and UNITE HERE Local 25 which shall succeed, and be the successor to, the contract(s) between those parties which shall follow the current contract which is due to expire on or about September 15, 2006. (However, the Association contract with Local 25 shall not modify or nullify any of the terms found in the Mandarin Agreements, Supplemental Agreements, etc. which were negotiated and agreed to with the Union.) Until such time as such new contract is negotiated, the terms and conditions of the parties' Collective Bargaining Agreement, which includes the terms found in this Memorandum, any Supplemental Memorandum as well as any attached Exhibits and Addendums, shall remain in full force and effect, including any and all such provisions, and the parties' agreement, pertaining to no lockouts, strikes, picketing, etc. during any such period of negotiations which postdates September 16, 2006 and thereafter and up to the time agreement is reached as well as during any Hotel Association Collective Bargaining Agreement which encompasses the agreed upon expiration date of the parties' Agreement which is September 15, 2010.

All parties acknowledge they have read and understand this Agreement and hereby agree to the terms set forth in the numbered paragraphs above.

**AGREED:**

UNITE/HERE LOCAL 25                    MANDARIN ORIENTAL, WASHINGTON, D.C.

By: _____         By: _____

Date: _____         Date: _____6/2/06_____

332139.1                              3

# Exhibit 2

# A G R E E M E N T

This Agreement, made and entered into as of the 15th day of January, 2005, by and between _____ owners and operators of _____ hereinafter referred to as the ("Employer") and the UNITE HERE Local 25 of Washington, D. C. of the UNITE HERE International Union, acting as bargaining representative for the employees in the unit herein defined, and hereinafter referred to as the ("Union").

## WITNESSETH:

That for the purpose of mutual understanding, and in order that a harmonious relationship may exist between the Employer and the employees in the unit herein defined, and to the end that continuous and efficient service may be rendered by both parties, and for the mutual benefit of both, it is hereby agreed that:

## ARTICLE I
## Union Representation and Membership

**1.1 Scope of Unit:** The Employer recognizes the Union as the exclusive representative for the purpose of collective bargaining with respect to rates of pay, hours, and other conditions of employment for all of its employees, with the exception of managerial and supervisory employees, office employees, musicians, engineers, firemen, carpenters, painters, barbers, and upholsterers.

**1.2 Gender:** Whenever in this Agreement the masculine gender is used it shall be deemed to include the feminine gender.

**1.3 Union Security:** All present employees within the bargaining unit who have completed thirty (30) days employment with the Employer, and all new employees within the bargaining unit upon completion of thirty (30) days following the beginning of their

1

Exhibit 2

**13.6** The Employer agrees that there shall be no subcontracting, transfer, or assignment of work or services now or hereinafter performed or assigned to members of the collective bargaining unit except that subcontractors may provide casual miscellaneous kitchen help where their use is necessitated by the absence of required steady employees; it is agreed, however, that such use must be intermittent and cannot extend beyond the period of demonstrable necessity.

**13.7. Health and Safety:** The Employer will provide a safe and healthy workplace for employees.

**13.8 Meeting Attendance:** The Employer will try to schedule employee meetings before and after scheduled shifts to avoid requesting employees to attend meetings on their days off.

**13.9 Translations:** In meetings involving discipline, an employee who cannot understand what is being said may request language assistance and the Hotel shall provide an individual to assist in the communication. In all other matters, the Hotel shall make a good faith effort to provide appropriate language assistance when advised that an employee does not understand what is being communicated. With respect to legally required notices posted by the Employer, such notices shall be posted in English and Spanish.

**ARTICLE XIV**
**Insurance, Sick Leave, Dental Plan**

**14.1 Insurance Benefit Program:** The following insurance benefits shall be provided for all steady employees, including steady banquet employees, and for all new steady employees, including new steady banquet employees, after a waiting period of six (6) months:

(a) The Employer shall provide eligible employees with single or family medical coverage at no cost to the employee under the Kaiser Permanente comprehensive health plan through September

41

(b) Some cases require more, but the proof need not be in any particular form, nor must it be the strongest and best proof possible. Verification could be in the following forms:

1. A doctor's letter would be appropriate but should not be an absolute requirement since there may be illness without the attention of a doctor.
2. A druggist's prescription might be adequate; or
3. A written statement from the employee's spouse, neighbor, or fellow worker might suffice.
4. The nature of the proof must ultimately depend upon the facts and circumstances of each case.

(c) Notwithstanding the foregoing, the Employer may require a doctor's certificate where there is a demonstrable pattern of abuse or evidence of the employee's being at a location not consistent with illness.

**14.5 Health and Welfare Fund:** The Employer agrees to participate in the Hotel and Restaurant Employees Local 25 and Hotel Association, Cafeteria and Other Subscribing Employers Dental and Optical Care Fund which is jointly administered by the Union and participating Employers.

(a) The Employer shall contribute, for dental benefits, Twenty-four and One Half Cents ($.245) per hour for all hours worked by the employees covered by this Agreement, with a minimum of One Dollar Twenty-two and One Half Cents ($1.225) per function for Extra banquet waiters, waitresses, and bartenders.

(b) The Employer shall contribute, for optical benefits, Five Cents ($.05) per hour for each hour worked by employees covered by this Agreement.

(c) The Employer shall contribute Two and One Half Cents ($.025) per hour for each hour worked by employees covered by this Agreement to the Hotel and Restaurant Employees Local 25 and Hotel Association, Cafeteria and Other Subscribing Employers Dental and Optical Care Fund, to the extent the Fund is amended to

46

permit such contributions, or to such other tax qualified entity as the parties may agree upon, for the purpose of securing and providing training benefits. Effective January 15, 2005, the Employer shall cease making contributions required under this subsection (c), and shall instead contribute Three Cents ($.03) per hour for each hour worked by employees covered by this Agreement to the Pension Fund pursuant to Article 15 of this Agreement.

**14.6 Group Legal Fund:** The Employer agrees to participate in the Hotel and Restaurant Employees Local 25 and Hotel Association, Cafeteria and Other Subscribing Employers Group Legal Services Fund which is jointly administered by the Union and participating Employers.

(a) The Employer agrees to contribute, for legal benefits, Fifteen and One Quarter Cents ($.1525) per hour for each hour worked by employees covered by this Agreement.

**14.7 401(k) Plan and Miscellaneous Benefits Allocations:**

(a) The Employer shall be responsible for costs associated with the administration of the 401(k) Plan up to a maximum of One Cent ($.01) per hour for each hour worked by employees covered by this Agreement as allocated in the September 15, 1998 Agreement.

(b) The 401(k) Plan shall provide for no matching contributions from the Employer. Benefits under the 401(k) Plan shall be based solely on elective deferrals as set forth in section 402(g)(3)(A) of the Internal Revenue Code. The 401(k) Plan shall be administered by a Board of Trustees composed of equal number of Trustees designated by the Employer and the Union.

## ARTICLE XV
## Pension Fund

**15.1 Establishment of Funds:** The parties agree to continue to operate the Pension Fund established September 16, 1960, for the benefit of all employees covered by this Agreement. The Pension

47

**ARTICLE XXII**
**Tenure**

**22.1 Term of Agreement:** This Agreement shall be effective commencing the 15th day of January, 2005, to and including the 15th day of September, 2007.

IN WITNESS WHEREOF, the parties hereto, duly authorized, have hereunto affixed their hands and seals the day and year first above written.

UNITE HERE LOCAL 25, of WASHINGTON, D.C.
of the UNITE HERE INTERNATIONAL

By:_____
John A. Boardman
Executive Secretary-Treasurer

CORPORATION
t/a HOTEL

By:_____
General Manager

By:_____

61

# Exhibit 3

UNITE HERE LOCAL 25 AND
HOTEL ASSOCIATION OF WASHINGTON, D.C.
HEALTH AND WELFARE FUND
AGREEMENT AND DECLARATION OF TRUST
AMENDED AND RESTATED EFFECTIVE OCTOBER 5, 2006

The undersigned, being all of the duly appointed and acting Trustees of the UNITE HERE Local 25 and Hotel Association of Washington, D.C. Health and Welfare Fund, do hereby amend and restate the Agreement and Declaration of Trust effective January 1, 1990 and from time to time amended, in its entirety as follows:

THIS AMENDED AND RESTATED AGREEMENT AND DECLARATION OF TRUST (this "Agreement") is made and entered into as of the 5th day of October, 2006, by and between the Association, as the bargaining agent for the Employers who may contribute hereto (the "Employers"), the Union which has subscribed hereto, and the undersigned Trustees.

## RECITALS:

WHEREAS, effective June 15, 1976, the Hotel Association of Washington, D.C. (the "Association") and the UNITE HERE Local 25, Mid-Atlantic Joint Board of Washington, D.C. of the UNITE HERE International Union, formerly known as the Hotel and Restaurant Employees Local 25 of the Hotel and Restaurant Employees and Bartenders' International Union, AFL-CIO of Washington, D.C. (the "Union") entered into an Agreement and Declaration of Trust establishing The Hotel and Restaurant Employees Local 25 and Hotel Association, Cafeteria and Other Subscribing Employers Dental Care Fund which Trust has subsequently been amended to include optical care, health care and training and apprenticeship benefits; and

WHEREAS, the Agreement and Declaration of Trust currently provides for the Fund to receive contributions and provide benefits for: (1) dental and optical care; (2) health insurance benefits for "A List" banquet waiters and waitresses and platoon bartenders; and (3) training and apprenticeship benefits; and

WHEREAS, the Trustees intend that the Fund, when taken together with the Plans, constitute a voluntary employees' beneficiary association under Section 501(c)(9) of the Internal Revenue Code of 1986 ("Code"); and

WHEREAS, Article X of the Agreement and Declaration of Trust of the aforementioned Fund permits the Trustees by written instrument to amend the Agreement and Declaration Trust in any respect from time to time.

NOW, THEREFORE, the Union, Association and Trustees do hereby declare and agree as follows:

Exhibit 3

such legal counsel, investment counsel, administrative, accounting, actuarial, clerical and other agents or employees as in their discretion they may find necessary or appropriate in the performance of their duties and to pay the reasonable expenses or compensation therefor. The Trustees may delegate to any agents or employees such duties as they consider appropriate.

M. **Fiduciary Insurance.** The Trustees may procure fiduciary liability insurance covering the Trustees, the Trust or any other fiduciaries of the Trust. The policies may cover liability or losses occurring by reason of any act or omission of a Trustee or fiduciary. The premiums for the policies may be paid from the Trust Fund only if the insurance contract permits recourse by the insurer against a Trustee or fiduciary for the breach of a fiduciary duty.

N. **Surety Bonds.** The Trustees and any agents of the Trustees who are empowered and authorized to sign checks as aforesaid shall each be bonded by a duly authorized surety company in such amounts as may be determined from time to time by the Trustees and as may required by ERISA Section 412. Each such employee employed by the Trustees who may be engaged in handling moneys of the Trust Fund shall also be bonded by a duly authorized surety company in the same manner. The cost of the premium on such bonds shall be paid out of the Fund.

## ARTICLE V

## CONTRIBUTIONS TO THE FUND

A. **Rate of Contributions.** In order to effectuate the purposes hereof, each Employer shall contribute to the Fund the amount required by the applicable Collective Bargaining Agreement or by agreement with the Fund. The rates of contribution shall at all times be governed by the aforesaid agreements then in force and effect, together with any amendments, supplements or modifications thereto. The Trust Fund shall also accept premium co-payments from Employees (or their beneficiaries) as required under the terms of the applicable Collective Bargaining Agreement or the Plans.

B. **Effective Date of Contributions.** All contributions shall be due and made regularly, as required by the Collective Bargaining Agreements or established by the Trustees on a specific day of each month. Each contribution, accompanied by a report in a form prescribed by the Trustees, shall be made promptly and, if the contribution is not paid in full, it shall be deemed delinquent to the extent of the underpayment.

C. **Mode of Payment.** All contributions shall be payable to the Fund and shall be paid in the manner and form determined by the Administrator.

D. **Default and Payment.** The Trustees recognize and acknowledge that the regular and prompt payment of contributions to the Fund is essential and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Fund and to the Plans, which would result from the failure to pay such monthly contributions in full within the time above provided. Therefore, in addition to any other remedies to which the Trustees may be entitled, an Employer in default may be required, at the discretion of the Trustees, to pay as liquidated damages such amounts as the Trustees may determine. Such payment is deemed to be a genuine pre-estimate of the actual damage that would result to the Fund for such failure to pay.

In addition to the said liquidated damages, the Trustees shall also assess an appropriate rate of interest up to the maximum rate of interest permitted by law, together with all auditing fees incurred in auditing the period for which the contributions were due and all expenses of collection incurred by the Trustees, including, but not limited to, reasonable counsel fees, auditor's charges (including, but not limited to, charges for litigation support), court costs, and any lawful charges for late payment as the Trustees determine. The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including but not limited to proceedings at law and in equity.

E.    Report on Contributions; Audits. Employers shall make such reports on Contributions as shall be required by the Administrator. The Trustees, upon reasonable notice to an Employer, shall be permitted to make an inspection or audit of the Employer's payroll and employment records, or any other records, to attest to the accuracy of the Contributions being made by the Employer. The results of any investigation or audit may be used in any action to enforce the collection of required contributions to the Trust Fund, and the costs of any investigation or audit shall be a recoverable cost in any legal action succeeding in obtaining payment of any shortage in Contributions revealed by the investigation or audit.

## ARTICLE VI

## PLAN OF BENEFITS

A.    Benefits. The Trustees shall have full authority to determine all questions of nature, amount, and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation; provided, however, that no benefits other than dental care benefits, optical care benefits, health benefits and training benefits may be provided for or paid under this Agreement.

B.    Method Of Providing Benefits. The Benefits shall be provided and maintained by such means as the Trustees shall in their sole discretion determine.

C.    Recipients Of Benefits. Benefits may be provided in accordance with Sections A and B of this Article for any Employee or other qualified recipients for whom the required Contributions are made to this Fund consistent with this Agreement.

D.    Written Plans Of Benefits. The detailed basis on which the payment of benefits under the Plans is to be made pursuant to this Agreement shall be specified in writing by appropriate action of the Trustees subject, however, to such changes or modifications by the Trustees from time to time as they in their discretion may determine. All such changes or modifications shall similarly be specified in writing by appropriate resolution of the Trustees.

## ARTICLE VII

## MEETINGS AND DECISIONS OF TRUSTEES

A.    Meeting of Trustees. Meetings of the Trustees shall be held at such place or places as may be agreed upon by the Chair and the Secretary-Treasurer. A meeting may be called at any time by the Chair or the Secretary-Treasurer, upon giving ten (10) days written

# Exhibit 4

UNITE HERE LOCAL 25 AND
HOTEL ASSOCIATION OF WASHINGTON, D.C.
GROUP LEGAL SERVICES FUND
AGREEMENT AND DECLARATION OF TRUST
AMENDED AND RESTATED EFFECTIVE OCTOBER 6, 2006

The undersigned, being all of the duly appointed and acting Trustees of the UNITE HERE Local 25 and Hotel Association of Washington, D.C. Group Legal Services Fund, do hereby amend and restate the Group Legal Services Plan & Trust Agreement effective September 15, 1978 and from time to time amended, in its entirety as follows:

THIS AMENDED AND RESTATED AGREEMENT AND DECLARATION OF TRUST (this "Agreement") is made and entered into as of the 6th day of October, 2006, by and between the Association, as the bargaining agent for the Employers who may contribute hereto (the "Employers"), the Union which has subscribed hereto, and the undersigned Trustees.

## RECITALS:

WHEREAS, effective September 15, 1978, the Hotel Association of Washington, D.C. (the "Association") and the UNITE HERE Local 25, Mid-Atlantic Joint Board of Washington, D.C. of the UNITE HERE International Union, formerly known as the Hotel and Restaurant Employees Local 25 of the Hotel and Restaurant Employees and Bartenders' International Union, AFL-CIO of Washington, D.C. (the "Union") entered into a Group Legal Services Plan & Trust Agreement establishing The Hotel and Restaurant Employees Local 25 and Hotel Association, Cafeteria and Other Subscribing Employers Group Legal Services Fund; and

WHEREAS, Article X of the Group Legal Services Plan & Trust Agreement permits the Trustees by written instrument to amend the Group Legal Services Plan and Trust Agreement in any respect from time to time.

NOW, THEREFORE, the Union, Association and Trustees do hereby declare and agree as follows:

## ARTICLE I

## DEFINITIONS

Unless the context or subject matter otherwise requires, the following definitions shall govern in this Agreement:

A.    "Administrator" means the Board of Trustees or the person or entity appointed pursuant to Article IV(I) of this Agreement to act as the administrator of the Fund within the meaning of ERISA Section 3(16).

B.    "Association" means the Hotel Association of Washington, D.C.

Exhibit 4

provide Benefits to the Employees of such Employer, and the Trustees shall not be liable for claims presented by such Employees or other beneficiaries.

The Trust shall, to the maximum extent permitted by law, exonerate, reimburse, indemnify and hold harmless the Trustees, individually and collectively, against all claims, actions, suits, costs, damages, expenses and losses resulting from their acts or omissions as Trustees.

K.    Administrative Expenses. The Trustees are authorized and empowered to lease or purchase such premises, materials, supplies and equipment, and to hire and employ and retain such legal counsel, investment counsel, administrative, accounting, actuarial, clerical and other agents or employees as in their discretion they may find necessary or appropriate in the performance of their duties and to pay the reasonable expenses or compensation therefor. The Trustees may delegate to any agents or employees such duties as they consider appropriate.

L.    Fiduciary Insurance. The Trustees may procure fiduciary liability insurance covering the Trustees, the Trust or any other fiduciaries of the Trust. The policies may cover liability or losses occurring by reason of any act or omission of a Trustee or fiduciary. The premiums for the policies may be paid from the Trust Fund only if the insurance contract permits recourse by the insurer against a Trustee or fiduciary for the breach of a fiduciary duty.

M.    Surety Bonds. The Trustees and any agents of the Trustees who are empowered and authorized to sign checks as aforesaid shall each be bonded by a duly authorized surety company in such amounts as may be determined from time to time by the Trustees and as may required by ERISA Section 412. Each such employee employed by the Trustees who may be engaged in handling moneys of the Trust Fund shall also be bonded by a duly authorized surety company in the same manner. The cost of the premium on such bonds shall be paid out of the Fund.

## ARTICLE V

## CONTRIBUTIONS TO THE FUND

A.    Rate of Contributions. In order to effectuate the purposes hereof, each Employer shall contribute to the Fund the amount required by the applicable Collective Bargaining Agreement or by agreement with the Fund. The rates of contribution shall at all times be governed by the aforesaid agreements then in force and effect, together with any amendments, supplements or modifications thereto. The Trust Fund shall also accept premium co-payments from Employees (or their beneficiaries) as required under the terms of the applicable Collective Bargaining Agreement or the Plan.

B.    Effective Date of Contributions.  All contributions shall be due and made regularly, as required by the Collective Bargaining Agreements or established by the Trustees on a specific day of each month. Each contribution, accompanied by a report in a form prescribed by the Trustees, shall be made promptly and, if the contribution is not paid in full, it shall be deemed delinquent to the extent of the underpayment.

11

DC1 30173708.3

C.    Mode of Payment.  All contributions shall be payable to the Fund and shall be paid in the manner and form determined by the Administrator.

D.    Default and Payment.  The Trustees recognize and acknowledge that the regular and prompt payment of contributions to the Fund is essential and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Fund and to the Plan, which would result from the failure to pay such monthly contributions in full within the time above provided.  Therefore, in addition to any other remedies to which the Trustees may be entitled, an Employer in default may be required, at the discretion of the Trustees, to pay as liquidated damages such amounts as the Trustees may determine.  Such payment is deemed to be a genuine pre-estimate of the actual damage that would result to the Fund for such failure to pay.  In addition to the said liquidated damages, the Trustees shall also assess an appropriate rate of interest up to the maximum rate of interest permitted by law, together with all auditing fees incurred in auditing the period for which the contributions were due and all expenses of collection incurred by the Trustees, including, but not limited to, reasonable counsel fees, auditor's charges (including, but not limited to, charges for litigation support), court costs, and any lawful charges for late payment as the Trustees determine.  The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including but not limited to proceedings at law and in equity.

E.    Report on Contributions; Audits.  Employers shall make such reports on Contributions as shall be required by the Administrator.  The Trustees, upon reasonable notice to an Employer, shall be permitted to make an inspection or audit of the Employer's payroll and employment records, or any other records, to attest to the accuracy of the Contributions being made by the Employer.  The results of any investigation or audit may be used in any action to enforce the collection of required contributions to the Trust Fund, and the costs of any investigation or audit shall be a recoverable cost in any legal action succeeding in obtaining payment of any shortage in Contributions revealed by the investigation or audit.

## ARTICLE VI

## PLAN OF BENEFITS

A.    Benefits.  The Trustees shall have full authority to determine all questions of nature, amount, and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation; provided, however, that no benefits other than group legal services benefits may be provided for or paid under this Agreement.

B.    Method Of Providing Benefits.  The Benefits shall be provided and maintained by such means as the Trustees shall in their sole discretion determine.

C.    Recipients Of Benefits.  Benefits may be provided in accordance with Sections A and B of this Article for any Employee or other qualified recipients for whom the required Contributions are made to this Fund consistent with this Agreement.

D.    Written Plan Of Benefits.  The detailed basis on which the payment of benefits under the Plan is to be made pursuant to this Agreement shall be specified in writing by

12

# Exhibit 5

**Salter & Company, L.L.C.**
*Certified Public Accountants*
4600 EAST-WEST HIGHWAY, SUITE 300, BETHESDA, MD 20814
Telephone: 301-830-7400   Facsimile: 301-830-7401

October 4, 2007

Megan Dawson
Mandarin Oriental Hotel
1330 Maryland Avenue, SW
Washington, DC  20024

Dear Ms. Dawson:

Enclosed is a report of shortages noted during our payroll examination of Mandarin Oriental Hotel conducted at your office on behalf of the Board of Trustees of the **Hotel and Restaurant Employees Local 25 and Employer's Trust Funds**.

If you have any information or documentation to clarify any amounts billed or any questions please provide them to the Trust Funds Auditor at the name and address below.  Any amounts not in dispute should be paid within 15 days to the Trust Funds.

> Gina C. Lebantino
> Salter & Company, LLC
> 4600 East-West Highway, Suite 300
> Bethesda, MD  20814
> (301) 830-7442

Sincerely,

*Salter & Company, LLC.*

cc: John A. Dougherty, Account Executive
    Daniel M. Katz, Esquire

**Exhibit 5**

# Salter & Company, L.L.C.

*Certified Public Accountants*

4600 EAST-WEST HIGHWAY, SUITE 300, BETHESDA, MD 20814

Telephone: 301-830-7400    Facsimile: 301-830-7401

Board of Trustees
Hotel & Restaurant Employees Local 25
  and Employers' Trust Funds
Sparks, MD

---

## MANDARIN ORIENTAL HOTEL - WASHINGTON DC

At your request we have applied certain procedures, as discussed below, in examining the payroll records of **Mandarin Oriental Hotel**, Washington, DC, a contributing employer to the Hotel Association of Washington, DC and Hotel and Restaurant Employees Local 25 Trust Funds for the period 07/01/04 - 04/30/07. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreements. The proper remittance of contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to the Funds' contribution records. The employer records we review may include payroll journals, individual earnings records and job classifications, payroll tax returns and other pertinent government tax documents, and Trust Fund contribution reports. The procedures are performed on a test basis and may be expanded if the tests so warrant. The scope of this engagement is limited to records provided by the employer and would not necessarily disclose all exceptions in employer contributions to the Funds.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer taken as a whole. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion thereon. Because the procedures noted above do not constitute an audit made in accordance with generally accepted auditing procedures, no such opinion is expressed.

Enclosed is our report which includes comments and calculations of any shortages discovered in our application of the above procedures.

*Salter & Company LLC.*

Bethesda, MD
August 10, 2007

1

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**
**BY SALTER & COMPANY L.L.C.**

| | | | |
|---|---|---|---|
| Funds Covered: | _X_ 25D--Dental | _X_ 25L--Legal | |
| (As Applicable to Employer) | _X_ 25O--Optical | _____ 25P--Pension | |
| | _____ 25T--Training | | |

EMPLOYER NAME:          MANDARIN ORIENTAL HOTEL

ADDRESS:                1330 Maryland Avenue, SW
                        Washington, DC  20024

FEDERAL EIN:            52-2151663

TEST PERIOD:            01/01/05 - 03/31/07

DATE OF EXAM:           July 25, 2007

AUDITOR(S):             Gina C. Lebantino

PERSONS CONTACTED:      Megan Dawson

OWNERS/OFFICERS:        Portals Hotel Site LLC

RECORDS EXAMINED:       _N/A_ Employers Quarterly Withholding Reports (Form 941)
                        _N/A_ Quarterly State Unemployment Returns
                        _N/A_ Form 1099-MISC
                        _N/A_ Form 1096 Annual Summary and Transmittal of U.S. Information Returns
                        _X_ W-2 Wage and Tax Statements
                        _N/A_ W-3 Transmittal of Wage and Tax Statements
                        _X_ Monthly Payroll Registers

DISCREPANCIES FOUND:    _____ NONE                    _X_  BILL ATTACHED

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS
PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL
WASHINGTON, D.C.
01/01/05 - 03/31/07**

COMMENTS:

1) The Employer's ADP (Timesaver) Monthly Payroll Reports was used by the auditor to perform the testing for the audit period. Reports were provided by Megan Dawson.

2) Payroll Reports (07/04 - 12/04) were not provided, per Megan's explanation the reported hours for 2004 were paid in good faith in order to keep the ball rolling concerning their employee's membership. Mandarin Oriental Hotel officially became a local member in year 2005.

3) Contributions were for Health and Welfare (dental, optical, and legal) until they started participating at the Trust Fund's Pension Plan in April 2007.

4) Banquet employees - On-Call employees, who were not a regular employee of Mandarin were not reported to the Trust Fund. The employer stated that they don't have to report these employees because they are Local members. (see #6 below)

5) The employer admitted on not reporting any functions or Banquet On-Call employees activity ever since they became Local 25 members. They are not aware of the reporting process because all employees at the accounting department are newly hired. Former person (Latrech Vaughan)who handles the benefits has not included them. The new Benefit Administrator (Tathiana Del-Arroyo) was just recently hired (05/07) and had been communicating with Jason and Beverly of Local 25 in regards to this issue. Because of her limitted time and experience she may need someone to explain this issue further and advise her the correct process in reporting.

6) The auditor did not bill for health and welfare for these employees as they work full time at other hotels who maintain their benefits. Employee's are listed below:

| Name | Social Security Number | Job Designation |
|------|------------------------|-----------------|
| Alfaro, Olga Cecilia | | On call banquet waitstaff |
| Bacarreza, Eduardo P | | On call banquet waitstaff |
| Barge, Mary E | | On call banquet waitstaff |
| Bonilla, Victor M | | On call banquet waitstaff |
| Diakite, Mamadou | | On call banquet waitstaff |
| Guerrero, Teresa | | On call banquet waitstaff |
| Guillen, Amparo | *Redacted* | On call banquet waitstaff |
| Hailemariam; Debrework | | On call banquet waitstaff |
| Harrache, Ahmed | | On call banquet waitstaff |
| Ibrahim, Yaseen | | On call banquet waitstaff |
| Lazarte, Rosemary | | On call banquet waitstaff |
| Montecinos, Paola | | On call banquet waitstaff |
| Nevarez, Oscar Simon | | On call banquet waitstaff |
| Nogueira, edro Borges | | On call banquet waitstaff |
| Ramos, Doris Ana | | On call banquet waitstaff |

3

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL**
**WASHINGTON, D.C.**
**01/01/05 - 03/31/07**

COMMENTS CONT'D:

| Name | Social Security Number | Job Designation |
|------|------------------------|-----------------|
| Ruoco, Leticia | | On call banquet waitstaff |
| Siyoum, Tsega Teklezgi | *Redacted* | On call banquet waitstaff |
| Torre, Jorge Reynaldo | | On call banquet waitstaff |
| Trask, Richard | | On call banquet waitstaff |
| Valdez, Lidia Del Carpio | | On call banquet waitstaff |
| Viscarra, Gilda | | On call banquet waitstaff |

## HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS
## PAYROLL EXAMINATION

### MANDARIN ORIENTAL HOTEL
### WASHINGTON, D.C.
### 01/01/05 - 03/31/07

### SUMMARY OF AUDIT FINDINGS

|  | PERIOD REPORTED | (OVER)/UNDER REPORTED HOURS | | AMOUNT DUE |
|---|---|---|---|---|
| SCHEDULE 1 | H&W YEAR 2005 | 17,942.65 | $ | 8,029.34 |
| SCHEDULE 2 | H&W YEAR 2006 | 2,849.03 | | 1,274.94 |
| SCHEDULE 3 | H&W YEAR 2007 (01/07 - 04/07) | 1,172.00 | | 524.47 |
| SCHEDULE 4 | FUNCTION - 2005 | 725 | | 4,131.08 |
| SCHEDULE 5 | FUNCTION - 2006 | 706 | | 4,377.51 |
| SCHEDULE 6 | FUNCTION - 2007 | 285 | | 1,879.02 |

**TOTAL AMOUNT DUE TO LOCAL 25 TRUST FUNDS**                     $    20,216.35

## HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS
### PAYROLL EXAMINATION

### MANDARIN ORIENTAL HOTEL
### WASHINGTON, D.C.
### 01/01/04 – 03/31/07

### SCHEDULE 1 - YEAR 2005
### FUND - HEALTH & WELFARE FUND (ONLY)

| SOCIAL SECURITY NUMBER | NAME | Health and Welfare Reported Hours | Health and Welfare Actual Hours | Health and Welfare (Over) Under- Reported Hours | Rate | Amount Due |
|---|---|---|---|---|---|---|
| | Arbaiza, David | 5.45 | 18.50 | 13.05 | 0.4475 | $ 5.84 |
| | Abraha, Gebru G | 545.45 | 466.00 | (79.45) | 0.4475 | (35.55) |
| | Agyeman, Benjamin | 2,065.20 | 1,899.75 | (165.45) | 0.4475 | (74.04) |
| | Ahmed, Eftekar | 21.45 | 21.75 | 0.30 | 0.4475 | 0.13 |
| | Ahsan, Syed A | 2,120.25 | 1,917.25 | (203.00) | 0.4475 | (90.84) |
| | Akselrod, Lev | 32.60 | 71.00 | 38.40 | 0.4475 | 17.18 |
| | Alemu, Dawit T | 73.10 | 1,330.25 | 1,257.15 | 0.4475 | 562.57 |
| | Alvarado, Guillermo | 22.75 | 274.00 | 251.25 | 0.4475 | 112.43 |
| | Ammar, Essameldin | 31.30 | 345.75 | 314.45 | 0.4475 | 140.72 |
| | Angeli Rivera, Carlos A | 31.30 | 36.25 | 4.95 | 0.4475 | 2.22 |
| | Antequera, Alfredo | 59.75 | 118.25 | 58.50 | 0.4475 | 26.18 |
| | Antezana, Tito Gonzalo | 35.15 | 433.50 | 398.35 | 0.4475 | 178.26 |
| | Argueta, Reina | 150.00 | 1,723.00 | 1,573.00 | 0.4475 | 703.92 |
| *Redacted* | Armstead, Jermaine | 1,247.45 | 1,144.50 | (102.95) | 0.4475 | (46.07) |
| | Atchinson, Michael S | 251.75 | 460.75 | 209.00 | 0.4475 | 93.53 |
| | Azero, Ana M | 1,445.65 | 1,326.25 | (119.40) | 0.4475 | (53.43) |
| | Barge, Mary E | 10.45 | 10.75 | 0.30 | 0.4475 | 0.13 |
| | Barrientos, Maria R | 26.15 | 85.75 | 59.60 | 0.4475 | 26.67 |
| | Barros, Jorge E | 22.25 | 28.25 | 6.00 | 0.4475 | 2.69 |
| | Birratu, Abinet | 653.75 | 613.75 | (40.00) | 0.4475 | (17.90) |
| | Bogdan, Imre | 3,001.25 | 2,779.75 | (221.50) | 0.4475 | (99.12) |
| | Boye, Stanley A | 1,965.36 | 1,492.75 | (472.61) | 0.4475 | (211.49) |
| | Bussey, Kenneth | 2,367.75 | 2,260.25 | (107.50) | 0.4475 | (48.11) |
| | Campero, Gonzalo E | 15.60 | 149.00 | 133.40 | 0.4475 | 59.70 |
| | Carter, Delois L | 1,078.15 | 965.75 | (112.40) | 0.4475 | (50.30) |
| | Castro, Alfredo | 235.00 | 364.75 | 129.75 | 0.4475 | 58.06 |
| | Chacaltan, Luis | 42.60 | 349.00 | 306.40 | 0.4475 | 137.11 |
| | Chanquit, Tarik | 31.30 | 208.00 | 176.70 | 0.4475 | 79.07 |
| | Coleto, Nancy N | 20.45 | 26.75 | 6.30 | 0.4475 | 2.82 |
| | Colque, Roberto | 143.55 | 693.00 | 549.45 | 0.4475 | 245.88 |
| | Cruz-Fritsch, Giovanna | 25.45 | 688.75 | 663.30 | 0.4475 | 296.83 |
| | Cuadros Gustin, Juan C | 22.25 | 222.75 | 200.50 | 0.4475 | 89.72 |
| | Cuellar Liu, Gloria A | 2,292.60 | 1,924.00 | (368.60) | 0.4475 | (164.95) |

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL**
**WASHINGTON, D.C.**
**01/01/04 - 03/31/07**

**SCHEDULE 1 - YEAR 2005**
**FUND - HEALTH & WELFARE FUND (ONLY)**

| SOCIAL SECURITY NUMBER | NAME | Health and Welfare Reported Hours | Health and Welfare Actual Hours | Health and Welfare (Over) Under-Reported Hours | Rate | Amount Due |
|---|---|---|---|---|---|---|
| | Darham, Aziz S | 1,537.55 | 1,388.75 | (148.80) | 0.4475 | (66.59) |
| | De Palacios, Maria | 13.15 | 210.25 | 197.10 | 0.4475 | 88.20 |
| | Dizo, Henri G | 1,894.45 | 1,806.75 | (87.70) | 0.4475 | (39.25) |
| | Duran, Marina | 13.15 | 349.00 | 335.85 | 0.4475 | 150.29 |
| | Foster, Talania K | 42.45 | 469.00 | 426.55 | 0.4475 | 190.88 |
| | Flores, Jorge Gustavo | 56.15 | 1,314.00 | 1,257.85 | 0.4475 | 562.89 |
| | Gazaha, Nabil Y | 2,569.50 | 2,425.50 | (144.00) | 0.4475 | (64.44) |
| | Ghazal, Mostafa | 2,848.25 | 2,704.25 | (144.00) | 0.4475 | (64.44) |
| | Gibson, Santosa | 15.45 | 15.75 | 0.30 | 0.4475 | 0.13 |
| | Gomes, Anthony M | 22.25 | 29.50 | 7.25 | 0.4475 | 3.24 |
| | Gomez, Eduardo | 36.75 | 742.75 | 706.00 | 0.4475 | 315.94 |
| | Guerrero, Maria Rene | 104.30 | 829.00 | 724.70 | 0.4475 | 324.30 |
| | Guillen, Amparo | 43.45 | 1,145.75 | 1,102.30 | 0.4475 | 493.28 |
| *Redacted* | Guzman, Jaime | 383.25 | 84.75 | (298.50) | 0.4475 | (133.58) |
| | Habib, Hussein, Osman | 2,520.45 | 2,440.75 | (79.70) | 0.4475 | (35.67) |
| | Haigler, Ronnie M | 1,939.50 | 1,765.00 | (174.50) | 0.4475 | (78.09) |
| | Halaby, Alexander | 109.75 | 988.25 | 878.50 | 0.4475 | 393.13 |
| | Hammond, Brian C | 1,669.90 | 1,513.50 | (156.40) | 0.4475 | (69.99) |
| | Hazou, Juan | 2,138.05 | 1,981.75 | (156.30) | 0.4475 | (69.94) |
| | Hernandez, Ouidio | 2,468.30 | 2,358.75 | (109.55) | 0.4475 | (49.02) |
| | Hettinger, Sihakit P | 2,749.50 | 2,625.25 | (124.25) | 0.4475 | (55.60) |
| | Ibrahim, Khaims B | 2,169.00 | 2,001.50 | (167.50) | 0.4475 | (74.96) |
| | Johassan, Harry | 424.50 | 408.50 | (16.00) | 0.4475 | (7.16) |
| | Joiner, Alexis | 9.45 | 91.25 | 81.80 | 0.4475 | 36.61 |
| | Ku, Feng-Ming | 19.45 | 97.75 | 78.30 | 0.4475 | 35.04 |
| | Leguia, Nestor | 1,275.45 | 1,179.75 | (95.70) | 0.4475 | (42.83) |
| | Leiva de Garcia, Belinda J | 30.30 | 393.50 | 363.20 | 0.4475 | 162.53 |
| | Lopez, Petronila | 6.30 | 100.25 | 93.95 | 0.4475 | 42.04 |
| | Malaahmed, Lukeman | 2,601.70 | 2,458.00 | (143.70) | 0.4475 | (64.31) |
| | Mattson, Maria Mirtha | 13.15 | 700.25 | 687.10 | 0.4475 | 307.48 |
| | Melgar, Victor E | 22.90 | 130.75 | 107.85 | 0.4475 | 48.26 |
| | Mendoza, Gradys A | 2,754.85 | 2,651.25 | (103.60) | 0.4475 | (46.36) |
| | Mguni, Njabulo | 20.75 | 27.00 | 6.25 | 0.4475 | 2.80 |

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL**
**WASHINGTON, D.C.**
**01/01/04 - 03/31/07**

**SCHEDULE 1 - YEAR 2005**
**FUND - HEALTH & WELFARE FUND (ONLY)**

| SOCIAL SECURITY NUMBER | NAME | Health and Welfare Reported Hours | Health and Welfare Actual Hours | Health and Welfare (Over) Under-Reported Hours | Rate | Amount Due |
|---|---|---|---|---|---|---|
| | Miranda, Jaime Augusto | 89.10 | 959.50 | 870.40 | 0.4475 | 389.50 |
| | Montecinos, Paola | 6.30 | 287.25 | 280.95 | 0.4475 | 125.73 |
| | Moore, Montario | 1,679.00 | 1,545.50 | (133.50) | 0.4475 | (59.74) |
| | Morgan, Joseph | 1,435.20 | 1,279.00 | (156.20) | 0.4475 | (69.90) |
| | Mulugeta, Mahedere | 22.25 | 174.00 | 151.75 | 0.4475 | 67.91 |
| | Munoz, Aloncio | 434.70 | 1,465.50 | 1,030.80 | 0.4475 | 461.28 |
| | Nartey, James T | 2,053.30 | 1,942.00 | (111.30) | 0.4475 | (49.81) |
| | Ngando, Frederic | 23.25 | 291.00 | 267.75 | 0.4475 | 119.82 |
| | Nicholson, Eric R | 5.30 | 950.00 | 944.70 | 0.4475 | 422.75 |
| | Nogueira, Pedro Borges | 50.55 | 661.00 | 610.45 | 0.4475 | 273.18 |
| | O'Brien, Andre | 1,091.16 | 974.50 | (116.66) | 0.4475 | (52.21) |
| | Parada, Carlos H | 2,066.05 | 1,922.25 | (143.80) | 0.4475 | (64.35) |
| | Parada, Jenny E | 2,034.70 | 1,891.00 | (143.70) | 0.4475 | (64.31) |
| | Pena, Juan | 28.60 | 610.25 | 581.65 | 0.4475 | 260.29 |
| *Redacted* | Peralta, Alfredo S | 10.45 | 10.75 | 0.30 | 0.4475 | 0.13 |
| | Perez, Leandro A | 16.30 | 81.25 | 64.95 | 0.4475 | 29.07 |
| | Quinones, Carmen | 103.15 | 767.00 | 663.85 | 0.4475 | 297.07 |
| | Ramos, Dina | 24.30 | 347.25 | 322.95 | 0.4475 | 144.52 |
| | Rashid, Pervez | 2,160.85 | 2,029.75 | (131.10) | 0.4475 | (58.67) |
| | Romero, Juan Alfredo | 22.25 | 159.00 | 136.75 | 0.4475 | 61.20 |
| | Ruiz, Carlos M | 105.75 | 471.00 | 365.25 | 0.4475 | 163.45 |
| | Silva, Carmen Julia | 46.65 | 923.75 | 877.10 | 0.4475 | 392.50 |
| | Silva, Theodoro | 43.45 | 380.50 | 337.05 | 0.4475 | 150.83 |
| | Sislioglu, Muhsin | 45.25 | 811.75 | 766.50 | 0.4475 | 343.01 |
| | Smith, Hertha | 26.30 | 102.00 | 75.70 | 0.4475 | 33.88 |
| | Soriagalvarro, Liliana | 21.75 | 36.50 | 14.75 | 0.4475 | 6.60 |
| | Sorto, Jose | 36.15 | 115.75 | 79.60 | 0.4475 | 35.62 |
| | Tonder, Carlos Ignacio | 21.75 | 33.00 | 11.25 | 0.4475 | 5.03 |
| | Umana, Luz Andrea | 29.00 | 150.00 | 121.00 | 0.4475 | 54.15 |
| | Vargas, Freddy | 26.15 | 246.75 | 220.60 | 0.4475 | 98.72 |
| | Vasquez, Edgar Antonio | 22.25 | 155.25 | 133.00 | 0.4475 | 59.52 |
| | Vasquez, Jessica | 7.15 | 7.25 | 0.10 | 0.4475 | 0.04 |
| | Vasquez, Rene A | 1,243.68 | 97.75 | (1,145.93) | 0.4475 | (512.80) |

## HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS
### PAYROLL EXAMINATION

### MANDARIN ORIENTAL HOTEL
### WASHINGTON, D.C.
### 01/01/04 - 03/31/07

### SCHEDULE 1 - YEAR 2005
### FUND - HEALTH & WELFARE FUND (ONLY)

| SOCIAL SECURITY NUMBER | NAME | Health and Welfare Reported Hours | Health and Welfare Actual Hours | Health and Welfare (Over) Under- Reported Hours | Rate | Amount Due |
|---|---|---|---|---|---|---|
| | Velarde, Pascual | 15.30 | 194.00 | 178.70 | 0.4475 | 79.97 |
| | Villatoro, Elsa | 51.30 | 505.00 | 453.70 | 0.4475 | 203.03 |
| *Redacted* | Weldmikael, Beyene | 1,828.00 | 1,692.75 | (135.25) | 0.4475 | (60.52) |
| | Willums, Phonesavanh | 23.15 | 329.75 | 306.60 | 0.4475 | 137.20 |
| | Winslow, Keith P | 143.45 | 128.00 | (15.45) | 0.4475 | (6.91) |
| | Wodajo, Sofia | 40.90 | 793.75 | 752.85 | 0.4475 | 336.90 |
| | Worku, Emebet | 35.30 | 272.75 | 237.45 | 0.4475 | 106.26 |
| | Yousuf, Olga Cecilia | 33.75 | 102.00 | 68.25 | 0.4475 | 30.54 |

TOTAL HOURS (OVER)/UNDER PAID TO HEALTH AND WELFARE          17,942.65

TOTAL AMOUNT DUE TO HEALTH AND WELFARE - YEAR 2005                                    $    8,029.34

Breakdown by Fund

| | RATE | | HOURS | AMT DUE |
|---|---|---|---|---|
| Dental | 0.2450 | * | 17,942.65 | 4,395.95 |
| Optical | 0.0500 | * | 17,942.65 | 897.13 |
| Legal | 0.1525 | * | 17,942.65 | 2,736.25 |
| | 0.4475 | | | $   8,029.34 |

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL**
**WASHINGTON, D.C.**
**01/01/04 - 03/31/07**

**SCHEDULE 2 - YEAR 2006**
**FUND - HEALTH & WELFARE FUND (ONLY)**

| SOCIAL SECURITY NUMBER | NAME | Health and Welfare Reported Hours | Health and Welfare Actual Hours | Health and Welfare (Over) Under-Reported Hours | Rate | Amount Due |
|---|---|---|---|---|---|---|
| | Abraha, Gebru G | 840.75 | 728.75 | (112.00) | 0.4475 | $ (50.12) |
| | Agyeman, Benjamin | 2,437.25 | 2,241.50 | (195.75) | 0.4475 | (87.60) |
| | Ahsan, Syed A | 2,023.25 | 1,903.25 | (120.00) | 0.4475 | (53.70) |
| | Alemu, Dawit T | 691.75 | 1,323.50 | 631.75 | 0.4475 | 282.71 |
| | Alvarado, Guillermo | 11.50 | 313.75 | 302.25 | 0.4475 | 135.26 |
| | Ammar, Essameldin | 19.75 | 288.00 | 268.25 | 0.4475 | 120.04 |
| | Antequera, Alfredo | 47.25 | 134.25 | 87.00 | 0.4475 | 38.93 |
| | Antezana, Tito Gonzalo | 6.25 | 211.00 | 204.75 | 0.4475 | 91.63 |
| | Argueta, Reina | 121.75 | 640.00 | 518.25 | 0.4475 | 231.92 |
| | Armstead, Jermaine | 1,299.75 | 1,147.75 | (152.00) | 0.4475 | (68.02) |
| | Atchinson, Michael S | 1.00 | 77.00 | 76.00 | 0.4475 | 34.01 |
| | Azero, Ana M | 1,829.75 | 1,697.75 | (132.00) | 0.4475 | (59.07) |
| | Birratu, Abinet | 555.35 | 421.75 | (133.60) | 0.4475 | (59.79) |
| | Bogdan, Imre | 2,887.50 | 2,743.50 | (144.00) | 0.4475 | (64.44) |
| | Boye, Stanley A | 2,100.25 | 2,020.25 | (80.00) | 0.4475 | (35.80) |
| | Bussey, Kenneth | 1,906.00 | 1,826.50 | (79.50) | 0.4475 | (35.58) |
| *Redacted* | Campero, Gonzalo E | 18.75 | 65.50 | 46.75 | 0.4475 | 20.92 |
| | Chacaltan, Luis | 23.50 | 193.75 | 170.25 | 0.4475 | 76.19 |
| | Colque, Roberto | 61.00 | 469.50 | 408.50 | 0.4475 | 182.80 |
| | Cruz-Fritsch, Giovanna | 8.25 | 380.50 | 372.25 | 0.4475 | 166.58 |
| | Cuellar Liu, Gloria A | 1,886.75 | 1,766.75 | (120.00) | 0.4475 | (53.70) |
| | Darham, Aziz S | 1,612.50 | 1,508.50 | (104.00) | 0.4475 | (46.54) |
| | Dizo, Henri G | 2,011.75 | 1,835.75 | (176.00) | 0.4475 | (78.76) |
| | Flores, Jorge Gustavo | 760.75 | 1,194.50 | 433.75 | 0.4475 | 194.10 |
| | Gomes, Anthony M | 725.75 | 217.00 | (508.75) | 0.4475 | (227.67) |
| | Habib, Hussein, Osman | 1,941.00 | 1,801.00 | (140.00) | 0.4475 | (62.65) |
| | Haigler, Ronnie M | 2,045.00 | 1,901.00 | (144.00) | 0.4475 | (64.44) |
| | Halaby, Alexander | 9.25 | 102.25 | 93.00 | 0.4475 | 41.62 |
| | Hamdan, Adham | 221.50 | 649.50 | 428.00 | 0.4475 | 191.53 |
| | Hammond, Brian C | 1,893.50 | 1,805.50 | (88.00) | 0.4475 | (39.38) |
| | Hazou, Juan | 1,835.75 | 1,683.75 | (152.00) | 0.4475 | (68.02) |
| | Hernandez, Ouidio | 2,191.25 | 2,071.25 | (120.00) | 0.4475 | (53.70) |
| | Hettinger, Sihakit P | 98.50 | 82.50 | (16.00) | 0.4475 | (7.16) |

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL**
**WASHINGTON, D.C.**
**01/01/04 - 03/31/07**

**SCHEDULE 2 - YEAR 2006**
**FUND - HEALTH & WELFARE FUND (ONLY)**

| SOCIAL SECURITY NUMBER | NAME | Health and Welfare Reported Hours | Health and Welfare Actual Hours | Health and Welfare (Over) Under-Reported Hours | Rate | Amount Due |
|---|---|---|---|---|---|---|
| | Ibrahim, Khaims B | 1,998.00 | 1,858.00 | (140.00) | 0.4475 | (62.65) |
| | Johassan, Harry | 1,278.50 | 1,199.00 | (79.50) | 0.4475 | (35.58) |
| | Leguia, Nestor | 1,156.00 | 1,084.00 | (72.00) | 0.4475 | (32.22) |
| | Leiva de Garcia, Belinda J | 0.75 | 77.00 | 76.25 | 0.4475 | 34.12 |
| | Malaahmed, Lukeman | 2,193.50 | 2,065.50 | (128.00) | 0.4475 | (57.28) |
| | Mattson, Maria Mirtha | 12.25 | 192.75 | 180.50 | 0.4475 | 80.77 |
| | Mendoza, Gradys A | 2,325.25 | 2,173.25 | (152.00) | 0.4475 | (68.02) |
| | Morgan, Joseph | 622.62 | 536.00 | (86.62) | 0.4475 | (38.76) |
| | Mulugeta, Mahedere | 173.25 | 523.25 | 350.00 | 0.4475 | 156.63 |
| | Munoz, Aloncio | 133.50 | 586.00 | 452.50 | 0.4475 | 202.49 |
| | Nartey, James T | 2,320.25 | 2,168.25 | (152.00) | 0.4475 | (68.02) |
| | Parada, Carlos H | 1,545.25 | 1,425.25 | (120.00) | 0.4475 | (53.70) |
| | Parada, Jenny E | 684.75 | 636.75 | (48.00) | 0.4475 | (21.48) |
| | Quinones, Carmen | 14.50 | 431.00 | 416.50 | 0.4475 | 186.38 |
| | Ramos, Dina | 1.00 | 74.50 | 73.50 | 0.4475 | 32.89 |
| | Rashid, Pervez | 2,330.75 | 2,154.75 | (176.00) | 0.4475 | (78.76) |
| | Romero, Juan Alfredo | 1.00 | 89.50 | 88.50 | 0.4475 | 39.60 |
| | Silva, Carmen Julia | 1.00 | 109.00 | 108.00 | 0.4475 | 48.33 |
| | Silva, Theodoro | 20.00 | 131.75 | 111.75 | 0.4475 | 50.01 |
| | Sislioglu, Muhsin | 53.50 | 661.00 | 607.50 | 0.4475 | 271.86 |
| | Smith, Hertha | 19.75 | 83.00 | 63.25 | 0.4475 | 28.30 |
| | Tesfaye, Markos | 1,460.00 | 1,427.00 | (33.00) | 0.4475 | (14.77) |
| | Villatoro, Elsa | 1.00 | 52.75 | 51.75 | 0.4475 | 23.16 |
| | Weldmikael, Beyene | 1,769.00 | 1,605.00 | (164.00) | 0.4475 | (73.39) |
| | Wodajo, Sofia | 89.75 | 370.25 | 280.50 | 0.4475 | 125.52 |
| | Worku, Emebet | 31.25 | 47.75 | 16.50 | 0.4475 | 7.38 |

*Redacted*

TOTAL HOURS (OVER)/UNDER PAID TO HEALTH AND WELFARE          2,849.03

TOTAL AMOUNT DUE TO HEALTH AND WELFARE - YEAR 2006          $     **1,274.94**

<u>**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**</u>
<u>**PAYROLL EXAMINATION**</u>

<u>**MANDARIN ORIENTAL HOTEL**</u>
<u>**WASHINGTON, D.C.**</u>
<u>**01/01/04 - 03/31/07**</u>

<u>**SCHEDULE 2 - YEAR 2006**</u>
<u>**FUND - HEALTH & WELFARE FUND (ONLY)**</u>

| SOCIAL SECURITY NUMBER | NAME | Health and Welfare Reported Hours | Health and Welfare Actual Hours | Health and Welfare (Over) Under-Reported Hours | Rate | Amount Due |
|---|---|---|---|---|---|---|

Breakdown by Fund

| | RATE | | HOURS | | AMT DUE |
|---|---|---|---|---|---|
| Dental | 0.2450 | * | 2,849.03 | | 698.01 |
| Optical | 0.0500 | * | 2,849.03 | | 142.45 |
| Legal | 0.1525 | * | 2,849.03 | | 434.48 |
| | 0.4475 | | | $ | 1,274.94 |

12

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL**
**WASHINGTON, D.C.**
**01/01/04 - 03/31/07**

**SCHEDULE 3 - PERIOD 01/01/07 - 04/30/07**
**FUND - HEALTH & WELFARE FUND (ONLY)**

| SOCIAL SECURITY NUMBER | NAME | Health and Welfare Reported Hours | Health and Welfare Actual Hours | Health and Welfare (Over) Under-Reported Hours | Rate | Amount Due |
|---|---|---|---|---|---|---|
| | Agyeman, Benjamin | 586.75 | 546.75 | (40.00) | 0.4475 | $ (17.90) |
| | Ahsan, Syed A | 639.50 | 599.50 | (40.00) | 0.4475 | (17.90) |
| | Alemu, Dawit T | 446.25 | 678.25 | 232.00 | 0.4475 | 103.82 |
| | Alexandre, Petrus | 112.50 | 136.00 | 23.50 | 0.4475 | 10.52 |
| | Ammar, Essameldin | 9.50 | 97.50 | 88.00 | 0.4475 | 39.38 |
| | Antequera, Alfredo | 6.75 | 59.75 | 53.00 | 0.4475 | 23.72 |
| | Argueta, Reina | 37.75 | 158.00 | 120.25 | 0.4475 | 53.81 |
| | Armstead, Jermaine | 307.25 | 275.25 | (32.00) | 0.4475 | (14.32) |
| | Bogdan, Imre | 842.50 | 810.50 | (32.00) | 0.4475 | (14.32) |
| | Boye, Stanley A | 728.25 | 704.25 | (24.00) | 0.4475 | (10.74) |
| | Bussey, Kenneth | 488.25 | 368.25 | (120.00) | 0.4475 | (53.70) |
| | Campero, Gonzalo E | 32.00 | 139.25 | 107.25 | 0.4475 | 47.99 |
| | Chacaltan, Luis | 5.75 | 109.75 | 104.00 | 0.4475 | 46.54 |
| | Cuellar-Liu, Gloria | 569.75 | 529.75 | (40.00) | 0.4475 | (17.90) |
| | Darham, Aziz S | 612.75 | 572.75 | (40.00) | 0.4475 | (17.90) |
| | Dizo, Henri G | 706.00 | 674.00 | (32.00) | 0.4475 | (14.32) |
| | Flores, Jorge Gustavo | 401.25 | 495.50 | 94.25 | 0.4475 | 42.18 |
| | Guillen, Amparo | 12.75 | 94.00 | 81.25 | 0.4475 | 36.36 |
| | Habib, Hussein, Osman | 664.25 | 632.25 | (32.00) | 0.4475 | (14.32) |
| | Haigler, Ronnie M | 730.00 | 690.00 | (40.00) | 0.4475 | (17.90) |
| | Hamdan, Adham | 40.75 | 319.50 | 278.75 | 0.4475 | 124.74 |
| | Hammond, Brian C | 684.75 | 636.75 | (48.00) | 0.4475 | (21.48) |
| | Hazou, Juan | 593.75 | 553.75 | (40.00) | 0.4475 | (17.90) |
| | Hernandez, Ouidio | 639.00 | 599.00 | (40.00) | 0.4475 | (17.90) |
| | Ibrahim, Khaims B | 601.25 | 561.25 | (40.00) | 0.4475 | (17.90) |
| | Johassan, Harry | 581.25 | 557.25 | (24.00) | 0.4475 | (10.74) |
| | Leguia, Nestor | 247.50 | 215.50 | (32.00) | 0.4475 | (14.32) |
| | Malaahmed, Lukeman | 664.75 | 632.75 | (32.00) | 0.4475 | (14.32) |
| | Mattson, Maria Mirtha | 9.50 | 109.75 | 100.25 | 0.4475 | 44.86 |
| | Mendoza, Gradys A | 722.75 | 650.75 | (72.00) | 0.4475 | (32.22) |
| | Mulugeta, Mahedere | 78.25 | 397.75 | 319.50 | 0.4475 | 142.98 |

*Redacted*

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL**
**WASHINGTON, D.C.**
**01/01/04 - 03/31/07**

**SCHEDULE 3 - PERIOD 01/01/07 - 04/30/07**
**FUND - HEALTH & WELFARE FUND (ONLY)**

| SOCIAL SECURITY NUMBER | NAME | Health and Welfare Reported Hours | Health and Welfare Actual Hours | Health and Welfare (Over) Under-Reported Hours | Rate | Amount Due |
|---|---|---|---|---|---|---|
| | Nartey, James T | 837.50 | 805.50 | (32.00) | 0.4475 | (14.32) |
| | Parada, Carlos H | 542.00 | 510.00 | (32.00) | 0.4475 | (14.32) |
| | Parada, Jenny E | 626.25 | 586.25 | (40.00) | 0.4475 | (17.90) |
| | Pena, Juan | 2.00 | 96.00 | 94.00 | 0.4475 | 42.07 |
| *Redacted* | Rashid, Pervez | 669.50 | 637.50 | (32.00) | 0.4475 | (14.32) |
| | Silva, Theodoro | 2.00 | 74.25 | 72.25 | 0.4475 | 32.33 |
| | Sislioglu, Muhsin | 253.75 | 425.75 | 172.00 | 0.4475 | 76.97 |
| | Weldmikael, Beyene | 582.25 | 542.25 | (40.00) | 0.4475 | (17.90) |
| | Wodajo, Sofia | 39.00 | 169.50 | 130.50 | 0.4475 | 58.40 |
| | Worku, Emebet | 30.25 | 107.50 | 77.25 | 0.4475 | 34.57 |

TOTAL HOURS (OVER)/UNDER PAID TO HEALTH AND WELFARE          1,172.00

TOTAL AMOUNT DUE TO HEALTH AND WELFARE - 01/01/07 - 04/30/07          $   **524.47**

Breakdown by Fund

| | RATE | | HOURS | AMT DUE |
|---|---|---|---|---|
| Dental | 0.2450 | * | 1,172.00 | 287.14 |
| Optical | 0.0500 | * | 1,172.00 | 58.60 |
| Legal | 0.1525 | * | 1,172.00 | 178.73 |
| | 0.4475 | | | $   524.47 |

14

# HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS
## PAYROLL EXAMINATION

### MANDARIN ORIENTAL HOTEL
### WASHINGTON, D.C.
### 01/01/04 - 03/31/07

### SCHEDULE 4 - FUNCTION FOR YEAR 2005

| SOCIAL SECURITY NUMBER | NAME | ACTUAL HOURS | NUMBER OF FUNCTION | Rate | Amount Due |
|---|---|---|---|---|---|
| | Bacarreza, Eduardo P | 295.75 | 59 | 5.70 | 337.16 |
| | Bonilla, Victor M | 3.25 | 1 | 5.70 | 5.70 |
| | Diakite, Mamadou | 53.00 | 11 | 5.70 | 60.42 |
| | Guerrero, Teresa | 185.25 | 37 | 5.70 | 211.19 |
| | Gutierrez, Javier I | 1,837.00 | 367 | 5.70 | 2,094.18 |
| | Hailemariam; Debrework | 129.50 | 26 | 5.70 | 147.63 |
| | Hamdan, Adham | 232.00 | 46 | 5.70 | 264.48 |
| | Harrache, Ahmed | 34.75 | 7 | 5.70 | 39.62 |
| *Redacted* | Ibrahim, Yaseen | 12.25 | 2 | 5.70 | 13.97 |
| | Lazarte, Rosemary | 6.75 | 1 | 5.70 | 7.70 |
| | Nevarez, Oscar Simon | 18.50 | 4 | 5.70 | 21.09 |
| | Ramos, Doris A | 289.50 | 58 | 5.70 | 330.03 |
| | Ruoco, Leticia | 13.00 | 3 | 5.70 | 14.82 |
| | Siyoum, Tsega Teklezgi | 111.25 | 22 | 5.70 | 126.83 |
| | Tesfaye, Markos | 192.50 | 39 | 5.70 | 219.45 |
| | Torre, Jorge Reynaldo | 6.00 | 1 | 5.70 | 6.84 |
| | Trask, Richard | 30.25 | 6 | 5.70 | 34.49 |
| | Valdez, Lidia Del Carpio | 155.75 | 31 | 5.70 | 177.56 |
| | Viscarra, Gilda | 15.75 | 3 | 5.70 | 17.96 |

TOTAL NUMBER OF FUNCTIONS                725

TOTAL AMOUNT DUE - YEAR 2005                                   $    4,131.08

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL**
**WASHINGTON, D.C.**
**01/01/04 - 03/31/07**

## SCHEDULE 5 - FUNCTION FOR YEAR 2006

| SOCIAL SECURITY NUMBER | NAME | ACTUAL HOURS | NUMBER OF FUNCTION | Rate | Amount Due |
|---|---|---|---|---|---|
| | Bacarreza, Eduardo P | 51.50 | 10 | 6.20 | 63.86 |
| | Barge, Mary E | 16.50 | 1 | 6.20 | 6.20 |
| | Coleto, Nancy N | 476.25 | 95 | 6.20 | 590.55 |
| | Cuadros Gustin, Juan C | 27.25 | 5 | 6.20 | 33.79 |
| | De Palacios, Maria | 46.50 | 9 | 6.20 | 57.66 |
| | Duran, Marina | 23.25 | 5 | 6.20 | 28.83 |
| | Gomez, Eduardo | 67.50 | 14 | 6.20 | 83.70 |
| | Guerrero, Maria Rene | 43.50 | 9 | 6.20 | 53.94 |
| | Guerrero, Teresa | 52.00 | 10 | 6.20 | 64.48 |
| | Guillen, Amparo | 224.75 | 45 | 6.20 | 278.69 |
| | Gutierrez, Javier I | 1,598.25 | 320 | 6.20 | 1,981.83 |
| | Guzman, Jaime | 22.75 | 5 | 6.20 | 28.21 |
| *Redacted* | Hailemariam; Debrework | 68.50 | 14 | 6.20 | 84.94 |
| | Joiner, Alexis | 7.75 | 2 | 6.20 | 9.61 |
| | Ku, Feng-Ming | 43.50 | 9 | 6.20 | 53.94 |
| | Lopez, Petronila | 41.75 | 8 | 6.20 | 51.77 |
| | Miranda, Jaime Augusto | 78.25 | 16 | 6.20 | 97.03 |
| | Nevarez, Oscar Simon | 9.00 | 2 | 6.20 | 11.16 |
| | Ngando, Frederic | 132.00 | 26 | 6.20 | 163.68 |
| | Nogueira, Pedro Borges | 66.50 | 13 | 6.20 | 82.46 |
| | Pena, Juan | 98.50 | 20 | 6.20 | 122.14 |
| | Siyoum, Tsega Teklezgi | 8.25 | 2 | 6.20 | 10.23 |
| | Soriagalvarro, Liliana | 42.75 | 9 | 6.20 | 53.01 |
| | Sorto, Jose | 14.00 | 3 | 6.20 | 17.36 |
| | Umana, Luz Andrea | 69.00 | 14 | 6.20 | 85.56 |
| | Valdez, Lidia Del Carpio | 23.25 | 5 | 6.20 | 28.83 |
| | Vargas, Freddy | 54.75 | 11 | 6.20 | 67.89 |
| | Vasquez, Edgar Antonio | 37.75 | 8 | 6.20 | 46.81 |
| | Willums, Phonesavanh | 40.75 | 8 | 6.20 | 50.53 |
| | Yousuf, Olga Cecilia | 55.50 | 11 | 6.20 | 68.82 |

TOTAL NUMBER OF FUNCTIONS                          706

TOTAL AMOUNT DUE - YEAR 2006                                      $      4,377.51

**HOTEL & RESTAURANT EMPLOYEES LOCAL 25 & EMPLOYERS TRUST FUNDS**
**PAYROLL EXAMINATION**

**MANDARIN ORIENTAL HOTEL**
**WASHINGTON, D.C.**
**01/01/04 - 03/31/07**

## SCHEDULE 6 - FUNCTION FOR YEAR 2006

| SOCIAL SECURITY NUMBER | NAME | ACTUAL HOURS | NUMBER OF FUNCTION | Rate | Amount Due |
|---|---|---|---|---|---|
| | Alvarado, Guillermo | 91.25 | 18 | 6.60 | 120.45 |
| | Antezana, Tito G | 17.75 | 1 | 6.60 | 6.60 |
| | Colque, Roberto | 27.75 | 6 | 6.60 | 36.63 |
| | Cruz-Fritsch, Giovanna | 44.00 | 9 | 6.60 | 58.08 |
| | Gutierrez, Javier I | 576.25 | 115 | 6.60 | 760.65 |
| | Halaby, Alexander | 17.25 | 3 | 6.60 | 22.77 |
| | Ku, Feng-Ming | 36.50 | 7 | 6.60 | 48.18 |
| | Leiva De Garcia, Belinda | 19.50 | 4 | 6.60 | 25.74 |
| | Lopez, Petronila | 11.75 | 2 | 6.60 | 15.51 |
| | Miranda, Jaime A | 22.75 | 5 | 6.60 | 30.03 |
| *Redacted* | Munoz, Aloncio | 144.50 | 29 | 6.60 | 190.74 |
| | Ngando, Frederic | 11.75 | 2 | 6.60 | 15.51 |
| | Quinones, Carmen | 153.75 | 31 | 6.60 | 202.95 |
| | Romero, Juan A | 27.00 | 5 | 6.60 | 35.64 |
| | Silva, Carmen J | 29.50 | 6 | 6.60 | 38.94 |
| | Smith, Hertha | 44.00 | 9 | 6.60 | 58.08 |
| | Soriagalvarro, Liliana | 22.50 | 5 | 6.60 | 29.70 |
| | Umana, Luz Andrea | 23.25 | 5 | 6.60 | 30.69 |
| | Valdez, Lidia Del Carpio | 15.75 | 3 | 6.60 | 20.79 |
| | Vargas, Freddy | 18.50 | 4 | 6.60 | 24.42 |
| | Villatoro, Elsa | 52.00 | 10 | 6.60 | 68.64 |
| | Yousuf, Olga Cecilia | 29.00 | 6 | 6.60 | 38.28 |

TOTAL NUMBER OF FUNCTIONS                    285

TOTAL AMOUNT DUE - YEAR 2006                                        $    1,879.02

17

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Board of Trustees of UNITE HERE Local 25 and Hotel Association of Washington, D.C. Health and Welfare Fund, et al. | Mandarin Oriental, Washington, D.C. Hotel |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Daniel M. Katz, Esq.
Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Suite 250
Washington, DC 20016
(202) 659-4656

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

<table>
<tr>
<td>

**G.** *Habeas Corpus/ 2255*

☐ 530 Habeas Corpus-General
☐ 510 Motion/Vacate Sentence

</td>
<td>

**H.** *Employment Discrimination*

☐ 442 Civil Rights-Employment
(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

</td>
<td>

**I.** *FOIA/PRIVACY ACT*

☐ 895 Freedom of Information Act
☐ 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

</td>
<td>

**J.** *Student Loan*

☐ 152 Recovery of Defaulted Student Loans (excluding veterans)

</td>
</tr>
</table>

<table>
<tr>
<td>

**K.** *Labor/ERISA (non-employment)*

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Labor Railway Act
☐ 790 Other Labor Litigation
☒ 791 Empl. Ret. Inc. Security Act

</td>
<td>

**L.** *Other Civil Rights (non-employment)*

☐ 441 Voting (if not Voting Rights Act)
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 American w/Disabilities-Employment
☐ 446 Americans w/Disabilities-Other

</td>
<td>

**M.** *Contract*

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholder's Suits
☐ 190 Other Contracts
☐ 195 Contract Product Liability
☐ 196 Franchise

</td>
<td>

**N.** *Three-Judge Court*

☐ 441 Civil Rights-Voting (if Voting Rights Act)

</td>
</tr>
</table>

**V. ORIGIN**

☉ 1 Original Proceeding
○ 2 Removed from State Court
○ 3 Remanded from Appellate Court
○ 4 Reinstated or Reopened
○ 5 Transferred from another district (specify)
○ 6 Multi district Litigation
○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Breach of CBA between employer & labor union. Action to enforce the terms of an employee benefit plan pursuant to 29 U.S.C. 1132(a) and 1145.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE *April 2, 2008*    SIGNATURE OF ATTORNEY OF RECORD    *Daniel M. Katz by JMW*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.